J. S47045/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ERIC R. WILLIAMS, | : | No. 310 EDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, January 4, 2017,
in the Court of Common Pleas of Delaware County
Criminal Division at No. CP-23-CR-0001773-2014

BEFORE: LAZARUS, J., MOULTON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED AUGUST 18, 2017**

Eric R. Williams appeals, ***pro se***, from the order of January 4, 2017, dismissing his PCRA[1] petition without a hearing. We affirm.

The PCRA court has set forth the factual and procedural history of this case as follows:

> On November 24, 2014, a Stipulated Non-Jury Trial commenced. On November 25, 2014, the court found the Appellant Guilty of Possession of a Firearm Prohibited[Footnote 1], [and] Firearms Not to be Carried Without a License.[Footnote 2] In summary, the facts consist of the following: Appellant was arrested on December 24, 2013 at approximately 8:00 p.m. by Trooper Sergio Colon of the Pennsylvania State Police. The Appellant was arraigned in the Court of Common Pleas, Delaware County, Pennsylvania on April 16, 2014. On May 19, 2014, Appellant, through counsel, filed an "Omnibus Pre-trial Motion," seeking to suppress all evidence

---

[1] Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

seized prior to the Appellant's arrest. A Suppression Hearing was held on July 25, 2014 and September 16, 2014. Trooper Sergio Colon, a four-and-a-half-year Patrol Trooper for Troop K Media Barracks of the Pennsylvania State Police, testified at the Suppression Hearing. Trooper Colon testified that he has received approximately 100 hours of formalized training in the interdiction of drugs. Trooper Colon testified to conducting numerous stops on interstates that have led to drug arrests. On December 24, 2013, Trooper Colon was in full police uniform and driving a marked patrol unit, which was equipped with an audio and video motor vehicle recording system (MVR). At the Suppression Hearing, the Commonwealth played the video of the MVR for the Court.

> [Footnote 1] 18 Pa.C.S.[A.] § 6105(a)(1)[.]
> [Footnote 2] 18 Pa.C.S.[A.] § 6106(a)(1)[.]

Trooper Colon testified that, at approximately 8:00 p.m. on Christmas Eve, he was on duty alone travelling on I-95 southbound. Trooper Colon observed a burgundy Chevrolet Suburban SUV also travelling southbound. After running a registration check on NCIC, Trooper Colon testified that the check showed the registration on the SUV was expired. Trooper Colon then initiated a traffic stop, pulling the Appellant over on the right side of the Exit 8 ramp of I-95 southbound. Trooper Colon approached the vehicle from the passenger side, and observed that the Appellant was the driver of the vehicle and the sole occupant. As the Appellant was handing over documents, Trooper Colon noticed that the Appellant was visibly nervous and his hands were shaking. The Trooper noted: "His nervousness continued throughout our conversation and his demeanor was one as I mentioned earlier of which he wanted to get away and leave . . ."

Further, Trooper Colon noted that throughout their interaction, the Appellant continued to give the Trooper unsolicited information. The Appellant provided him with unsolicited information about the

dog food in the back of the vehicle. The Appellant also gave Trooper Colon information about where he lived and why it was different from the address on his license. The Appellant also stated that he was unaware that his registration for the vehicle was expired. During their exchange, the Appellant asked Trooper Colon if he could light a cigarette; Trooper Colon permitted the Appellant to do so. [Trooper] Colon observed this behavior as another sign that the Appellant was nervous.

Upon returning to his patrol car, Trooper Colon ran a check of the Appellant's license. The query showed that the Appellant was driving with a suspended driver's license. Further, the vehicle was not registered to the Appellant. Trooper Colon also discovered that the Appellant had an extensive criminal history. Trooper Colon testified that he observed on the criminal history, *inter alia*, numerous Possession with Intent to Deliver charges, a Robbery charge, and several gun charges, etc.

[Trooper] Colon was preparing a citation for driving with an expired inspection and a warning for the expired registration while conducting a criminal history check of the Appellant. While he was writing out the citation and the warning in his patrol vehicle, Trooper Colon noticed that the Appellant was continuously staring back at him in the driver's-side rearview mirror and the interior rearview mirror. Trooper Colon believed that this was another event that raised his suspicion. Trooper Colon, as per standard practice, requested the Appellant to exit his vehicle and meet him at the front of the patrol car, so that Trooper Colon could issue the Appellant his citation for an expired inspection and a warning for an expired registration. Trooper Colon conducted an officer safety pat-down of the Appellant to make sure he was not armed. Trooper Colon then began a conversation with the Appellant.

The Appellant asked Trooper Colon several questions regarding how to remedy the expired registration and where to take the citation, and how

to take care of paying for it. The Appellant also told Trooper Colon that he was on a payment plan, and that is why his license was suspended, which conflicted with what the Appellant had said earlier in the encounter about not knowing about the suspension. Trooper Colon found all of the unsolicited information that the Appellant provided about how and why he was going to pay for the citation and the payment plan to get his license back as odd and suspicious.

Trooper Colon then issued the Appellant his citation and warning, and the two men shook hands. Trooper Colon told the Appellant he was free to go, and both men began to walk back to their respective vehicles. Before either man reached their vehicle, Trooper Colon re-engaged the Appellant, and asked the [Appellant] about his travel plans for the day. Trooper Colon also asked the Appellant, "to come back to where [Trooper Colon] was and [the Appellant] freely and voluntarily did."

Trooper Colon then asked the Appellant if he had ever been arrested before. The Appellant gave an answer that was inconsistent with what his criminal history had revealed to Trooper Colon. The Appellant told Trooper Colon that he had been arrested in 2008 arising from a domestic incident in which he had been shot five times. Trooper Colon indicated that this story was another sign of suspicion. The Trooper testified:

> He contradicted what was revealed to me on the earlier query of his RAP sheet by relating that he had only been -- his most recent arrest was in 2008, which as we saw earlier was not true. In fact[,] I believe his most recent arrest had been 2012. I'm not exactly sure. Furthermore, he related that arrest specifically in 2008 was for a domestic charge, to -- which again contradicted what was revealed in that query.

- 4 -

Trooper Colon asked the Appellant if there were any guns or drugs in the vehicle, to which the Appellant answered in the negative. Trooper Colon asked the Appellant verbally if he would consent to a search of the vehicle. The Appellant verbally consented. Trooper Colon then gave the Appellant a written Waiver of Rights Form that provided Trooper Colon written permission to search the vehicle. The Appellant signed the waiver.

The Trooper's search of the vehicle yielded a Glock .40 caliber magazine containing eleven rounds of .40 caliber ammunition underneath the driver's seat. In the center console, Trooper Colon found a black Glock .40 caliber semi-automatic handgun, in addition to an extended magazine containing thirty rounds of .40 caliber ammunition.

## PROCEDURAL HISTORY:

Appellant was arrested on December 24, 2013 after a motor vehicle stop conducted by the Pennsylvania State Police. The Appellant was arraigned in the Court of Common Pleas, Delaware County, Pennsylvania on April 16, 2014 and charged with the aforementioned crimes.

On May 19, 2014, Michael J. Malloy, Esquire entered his appearance on behalf of the Appellant. Also on May 19, 2014, Appellant, through counsel, filed an "Omnibus Pre-Trial Motion[,"] seeking to suppress all physical evidence seized. A Suppression Hearing was held on July 25, 2014 and September 16, 2014. On October 15, 2014, an Order denying Appellant's Omnibus Pre-Trial Motion was filed with detailed Findings of Fact and Conclusions of Law.

On November 24, 2014, a Stipulated Non-Jury Trial commenced and on November 25, 2014, the court found the Appellant Guilty of Possession of a Firearm Prohibited, [and] Firearms Not to be Carried Without a License. On November 25, 2014, the Appellant was sentenced to: Count 1, Persons

Prohibited from Possessing a Firearm, 5 to 10 years SCI, no [R]RRI eligibility, provide a DNA sample, credit for the time period from 12/25/13 to 11/25/14, SCI Chester is recommended, payment of court costs, forfeit the weapon for destruction; Count 2, Firearms Carried Without a License, 7 years['] state probation consecutive to Count 1 and payment of court costs. On December 4, 2014, the Appellant filed a timely Notice of Appeal.

On December 22, 2015, the Pennsylvania Superior Court affirmed the trial court in a Non-Precedential Decision docketed at No. 3495 EDA 2014. There was no further appeal.

On January 19, 2016, the [Appellant] filed a *pro se* PCRA Petition. On January 21, 2016 it was dismissed, without prejudice, the court concluding that it was prematurely filed as Appellant's direct appeal was still pending. Appellant filed his second, timely *pro se* PCRA petition on February 1, 2016. Mr. Scott Galloway, Esquire was appointed to represent the Appellant. On October 6, 2016, Mr. Galloway, Esquire, filed a "No Merit" Letter pursuant to *Finley* and *Turner*, *infra*.[2] On or about October 7, 2016, the court entered an Order permitting Mr. Galloway, Esquire, to withdraw from the case.

On October 19, 2016, the court issued a "Notice of Intent to Dismiss PCRA Petition without a Hearing." On October 21, 2016, the *pro se* [Appellant] filed a Response to Counsel's *Finley* Letter, and on November 7, 2016 filed a *pro se* response to the court's Notice of Intention to Dismiss. On January 4, 2017, the court issued an Order denying PCRA relief.

On January 17, 2017, the Appellant filed a timely Notice of Appeal to the Pennsylvania Superior

---

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (***en banc***).

> Court. The undersigned did not desire clarification of the errors complained of on appeal and as such, no Pa.R.A.P. 1925(b) order was entered. See Pa.R.A.P. 1925(b).

PCRA court opinion, 3/9/17 at 1-7 (citations to record omitted) (additional footnotes omitted).

Appellant has raised the following issues for this court's review:

A. Whether Appellant's constitutional right to due process was violated when the PCRA court dismissed his petition as untimely filed?

B. Whether trial counsel was ineffective in failing to protect Appellant's jury trial rights?

C. Whether trial counsel was ineffective in failing to file [a] Post Sentence Motion to reconsider the sentence?

D. Whether Appellant['s] counsel was ineffective for failing to challenge the sufficiency of firearm possession?

E. Whether Appellant['s] counsel was ineffective by filing an inadequate brief?

F. Whether PCRA counsel was ineffective in filing a no-merit letter when the *pro se* claims possessed merit?

G. Whether PCRA counsel was ineffective in failing to investigate fraud on the Court?

Appellant's brief at 3 (emphasis added).

"When reviewing an order [granting or] denying PCRA relief, we must determine whether the PCRA court's determination is supported by the

record and is free from legal error." ***Commonwealth v. Poplawski***, 852

A.2d 323, 327 (Pa.Super. 2004) (citation omitted).

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. ***Commonwealth v. Jordan***, 772 A.2d 1011, 1014 (Pa.Super. 2001). It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. ***Id.*** It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing. ***Commonwealth v. Hardcastle***, 549 Pa. 450, 454, 701 A.2d 541, 542-543 (1997).

***Commonwealth v. Turetsky***, 925 A.2d 876, 882 (Pa.Super. 2007),

***appeal denied***, 940 A.2d 365 (Pa. 2007), quoting ***Commonwealth v.***

***Khalifah***, 852 A.2d 1238, 1239-1240 (Pa.Super. 2004).

> To prevail on a claim that counsel was constitutionally ineffective, the appellant must overcome the presumption of competence by showing that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different. A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim.

***Commonwealth v. Malloy***, 856 A.2d 767, 781 (Pa. 2004) (citations

omitted). "We presume counsel is effective and place upon Appellant the

burden of proving otherwise. Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." ***Poplawski***, 852 A.2d at 327 (citations omitted).

In his first issue on appeal, appellant claims that the PCRA court erred in dismissing his January 19, 2016 petition as untimely. (Appellant's brief at 8-9.) Appellant's January 19, 2016 petition was not dismissed as untimely; rather, it was dismissed without prejudice as prematurely filed because the 30-day period in which to file a petition for allowance of appeal with the Pennsylvania Supreme Court from this court's December 22, 2015 decision affirming the judgment of sentence had not yet expired. Subsequently, appellant filed a "petition to reinstate ***pro se*** PCRA petition" on February 1, 2016, which was granted and counsel was appointed. (PCRA court opinion, 3/9/17 at 6-7.)

In his second issue on appeal, appellant claims that trial counsel, Michael Malloy, Esq., was ineffective for failing to protect his right to a jury trial. According to appellant, Attorney Malloy did not properly advise him in connection with his waiver of his right to a jury trial. (Appellant's brief at 9-10.) Appellant argues that his jury waiver was invalid. (***Id.***) The record belies appellant's claim.

On November 24, 2014, the trial court conducted an extensive waiver colloquy during which appellant repeatedly expressed his desire to waive his right to a jury trial and proceed with a stipulated non-jury trial. (Notes of

testimony, 11/24/14 at 4-28.) Appellant testified that Attorney Malloy had answered all of his questions and that the decision was his own. (***Id.*** at 26-27.) Appellant testified that he had thoroughly discussed the issue with Attorney Malloy and required no further consultation with counsel. (***Id.*** at 5, 25.) Appellant also executed a written jury waiver form which he reviewed with Attorney Malloy. (***Id.*** at 19-20.) Appellant testified that no one had coerced or threatened him in any way. (***Id.*** at 27.)

This issue is patently meritless. Appellant is bound by the statements he made during his waiver colloquy and cannot now obtain relief by contradicting those same statements. ***Commonwealth v. Barnes***, 687 A.2d 1163, 1167 (Pa.Super. 1996), ***appeal denied***, 693 A.2d 585 (Pa. 1997); ***see also Commonwealth v. Bishop***, 645 A.2d 274, 277 (Pa.Super. 1994) (holding an appellant cannot obtain relief by claiming he lied during his waiver colloquy); ***Commonwealth v. Muhammad***, 794 A.2d 378, 384 (Pa.Super. 2002) (holding an appellant was not entitled to relief based on the claim that his attorney coerced him to plead guilty when he stated in his plea colloquy that he was not being forced or threatened).

Next, appellant argues that Attorney Malloy was ineffective for failing to file a post-sentence motion for reconsideration of sentence. Appellant contends that the 5 to 10-year sentence imposed on Count 1, possession of firearms prohibited, was excessive and unduly harsh and that Attorney Malloy disregarded his request to file a motion for reconsideration.

(Appellant's brief at 11-12.) As the PCRA court observed, the sentencing transcript indicates that the issue of filing a timely appeal was raised and Attorney Malloy stated that he would file an appeal on appellant's behalf if appellant did not have other counsel within the 30-day appeal deadline. (PCRA court opinion, 3/9/17 at 12; notes of testimony, sentencing, 11/25/14 at 16-17.) There is no record of any request by appellant to file a post-sentence motion for reconsideration. (*Id.*)[3]

Furthermore, appellant cannot show how he was prejudiced by trial counsel's alleged deficient performance. In **Commonwealth v. Reaves**, 923 A.2d 1119, 1128-1129 (Pa. 2007), our supreme court held that counsel's failure to file post-sentence motions at most "narrowed the ambit" of the subsequent appeal and did not constitute prejudice **per se**. **Cf. Commonwealth v. Lantzy**, 736 A.2d 564 (Pa. 1999) (failing to file a requested direct appeal denies the accused the assistance of counsel and the constitutional right to a direct appeal, and the accused is entitled to reinstatement of his direct appeal rights). Rather, the petitioner must satisfy the three-prong actual prejudice standard. **Reaves**, 923 A.2d at 1129.

> Whether VOP [(violation of probation)] counsel can be deemed ineffective, then, depends upon whether appellee has proven that a motion to reconsider

---

[3] We acknowledge that appellant did file an untimely **pro se** motion for sentencing reconsideration which was denied on December 10, 2014, on the basis of untimeliness and also because appellant had counsel. (Docket #27.)

> sentence, if filed . . . would have led to a different and more favorable outcome at VOP sentencing. In this context, the only way the proceeding would have been more favorable would be if counsel's objection secured a reduction in the sentence.

*Id.* at 1131-1132. Ultimately, the *Reaves* court found that the petitioner failed to prove actual prejudice where the PCRA judge, who was the same judge who initially sentenced the petitioner and then revoked probation and imposed the VOP sentence, made clear during PCRA proceedings that he would have imposed the same sentence. *Id.* at 1132.

Here, there is nothing to support a contention that filing a motion for reconsideration would have resulted in a reduced sentence. Appellant received a probationary sentence on Count 2, firearms not to be carried without a license, and his sentence on Count 1, possession of firearms prohibited, appeared to be a guideline sentence. (Notes of testimony, 11/25/14 at 11-13.) Therefore, appellant has failed to demonstrate actual prejudice.

In his fourth issue on appeal, appellant claims that direct appeal counsel was ineffective for failing to challenge the sufficiency of the evidence to support the firearms convictions. (Appellant's brief at 13-19.) However, appellant's entire argument relates to the suppression issue. (*Id.*) Appellant argues that Trooper Colon did not have reasonable suspicion for an investigative detention or articulable suspicion that appellant was armed and dangerous justifying a search. (*Id.*) In fact, the suppression issue was fully

litigated in the court below, and this court addressed it on appeal. This claim fails.

Next, appellant complains that direct appeal counsel filed an inadequate brief, resulting in waiver of certain issues. (*Id.* at 19.) However, appellant does not set forth what particular issues were waived or why they had merit and would have compelled a different result on appeal. (*Id.*) From our review of this court's December 22, 2015 memorandum, the only issue that was waived was issue three. *Commonwealth v. Williams*, No. 3495 EDA 2014, unpublished memorandum at 5 n.6 (Pa.Super. filed Dec. 22, 2015).[4] This issue was not addressed in appellant's brief and was deemed to have been abandoned on appeal. *Id.* However, appellant did not contest the validity of the initial traffic stop where his registration was expired and it was undisputed that appellant gave Trooper Colon both verbal and written consent to search his vehicle. Although this court did note that appellant failed to comply with Pa.R.A.P. 2119(a), we still addressed the primary issues on appeal on the merits, *i.e.*, whether Trooper Colon had reasonable suspicion to warrant further investigation and re-engage appellant after the initial encounter had concluded, and whether he was illegally detained after having been told he was free to leave. *Id.* at 5 n.7. A unanimous panel of this court concluded that based upon the totality of

---

[4] "Did [sic] trial court err in denying [Appellant's] Motion to Suppress when after an illegal and unlawful seizure and detention of [A]ppellant, [A]ppellant was searched?" *Id.* at 5 (brackets in original).

the circumstances, Trooper Colon had reasonable suspicion to justify the search of appellant's vehicle. *Id.* at 12-13. Therefore, appellant has failed to show how he was prejudiced by direct appeal counsel's allegedly inadequate brief. *See Commonwealth v. Reed*, 971 A.2d 1216, 1226 (Pa. 2009) ("the filing of an appellate brief, deficient in some aspect or another, does not constitute a complete failure to function as a client's advocate so as to warrant a presumption of prejudice under [*U.S. v. Cronic*, 466 U.S. 648 (1984)].").

Next, appellant complains that PCRA counsel, Attorney Galloway, was ineffective for filing a petition to withdraw and *Turner*/*Finley* no-merit letter instead of an amended PCRA petition on appellant's behalf. (Appellant's brief at 20-23.) Appellant insists that the issues raised in his petition had merit and warranted PCRA relief. (*Id.*)[5] For the reasons already discussed *supra*, we disagree. In petitioning to withdraw, Attorney Galloway complied with *Turner*/*Finley* practice, and the issues raised in appellant's *pro se* PCRA petition were entirely frivolous and without merit. Counsel complied with the requirements for withdrawal as set forth in *Turner*/*Finley*, and the PCRA court determined that there were no potentially meritorious issues

---

[5] This allegation of PCRA counsel's ineffectiveness was raised in appellant's *pro se* response to Rule 907 notice. As such, it is preserved for appeal. ("Answer to court's notice of intention to dismiss," 11/7/16 at 9-10; Docket #11.) *Cf. Commonwealth v. Pitts*, 981 A.2d 875 (Pa. 2009) (an appellant cannot raise allegations of PCRA counsel ineffectiveness for the first time on appeal and is required to raise them within 20 days following Rule 907 notice).

which could be raised in a counseled amended PCRA petition. (*See* "application to withdraw appearance," 10/6/16, Docket #8; Rule 907 notice, 10/19/16, Docket #10.)

Finally, appellant argues that Attorney Malloy perpetrated a "fraud on the court" when he conceded that the vehicle stop and subsequent search were lawful. (Appellant's brief at 25.) Appellant then argues that the prosecuting attorney also "lied by omission to the Court" when he failed to correct Attorney Malloy's purported misrepresentations. (*Id.* at 25-26.) Appellant also claims that a video of the traffic stop would have revealed that a second trooper, not Trooper Colon, discovered the firearm. (*Id.* at 26.) In his brief, appellant couches this issue in terms of PCRA counsel's ineffectiveness for failing to investigate the claim. (*Id.* at 23.)

It is difficult to discern the nature of appellant's argument. First, it does not appear that this argument was raised in appellant's *pro se* petition and therefore it is waived. *See Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa.Super. 2011) ("It is well-settled that issues not raised in a PCRA petition cannot be considered on appeal." (quotation marks and citations omitted)); 42 Pa.C.S.A. § 9544(b). While appellant did raise it in his *pro se* response to Rule 907 notice, he did not request to amend his petition to include the issue. (Docket #11, "Answer to court's notice of intention to dismiss," 11/7/16 at 6-7.) Appellant only requested an evidentiary hearing. *See Commonwealth v. Rigg*, 84 A.3d 1080, 1085 (Pa.Super. 2014)

("Where the petitioner does not seek leave to amend his petition after counsel has filed a **Turner**/**Finley** no-merit letter, the PCRA court is under no obligation to address new issues."), citing **Commonwealth v. Rykard**, 55 A.3d 1177, 1192 (Pa.Super. 2012), **appeal denied**, 64 A.3d 631 (Pa. 2013) (a petitioner must request leave to amend his petition in his Rule 907 response to raise new trial counsel ineffectiveness claims); **Commonwealth v. Williams**, 732 A.2d 1167, 1191 (Pa. 1999) (a response to Rule 907 notice is not, itself, considered a serial petition and the raising of a new (non-PCRA counsel ineffectiveness) claim after the PCRA court has issued notice of dismissal still requires a PCRA court to grant the petitioner leave to amend his petition).  Since appellant did not seek permission to amend his petition to raise this new claim, the PCRA court was not required to address the issue and it did not.  Therefore, appellant's final claim does not entitle him to relief.  **Rykard**, 55 A.3d at 1192.[6]

Order affirmed.

---

[6] To the extent appellant attempted to layer the issue as a PCRA counsel ineffectiveness claim for failure to raise it in an amended petition, it clearly lacks merit.  The suppression matter was fully litigated.  As discussed above, there was no dispute that the initial traffic stop was lawful and that appellant gave both verbal and written consent to search his vehicle.  The only issue was whether Trooper Colon had reasonable suspicion of criminal activity, after the initial investigation into the Vehicle Code violations was concluded and appellant was told he was free to leave, to re-engage appellant and detain him for further questioning.  In addition, the MVR of Trooper Colon's interaction with appellant was played for the trial court, and appellant presents no evidence that a different trooper recovered the firearm.  (Notes of testimony, 7/25/14 at 21-34; Commonwealth Exhibit CS-1.)

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/18/2017